### CINCINNATI (CITY) v. PHILIP MORTON.

CONDEMNATION PROCEEDINGS SEPARATELY DETERMINING COMPENSATION OF SEVERAL TRACTS INVOLVED CONFORM TO SEC. 16 OF THE MUNICIPAL CODE.

In condemnation proceedings for municipal purposes involving several pieces of property, allowing a jury, sworn and impanelled to make the full inquiry, to hear testimony as to value and assess damages as to one tract before proceeding with the inquiry as to the remaining property, conforms to Sec. 16 of the municipal code (Lan. Rev. Stat. 3593; B. 1536-109), prescribing that "the assessment shall be * * * so made that the amount payable to the owners of each lot or parcel of land may be ascertained."

[For other cases in point, see 4 Cyc. Dig., "Eminent Domain," §§ 633-635. —Ed.]

ERROR to Hamilton common pleas court.

Jesse Lowman, for plaintiff in error:

H. L. Gordon and A. H. Morrill, for defendant in error.

SMITH, J.

We see no objection to the procedure had in the trial court allowing the jury to hear the testimony as to the value of one piece of property separate from the others, and then assessing the compensation for the same to the owner before proceeding to ascertain the value of another piece.

Condemnation proceedings must be brought before a single jury, which was done in this case; and when the jury was impaneled it was sworn but once to make the whole inquiry and assessment.

Revised Statutes 2245 (Lan. 3593; B. 1536-109) provides that "The assessment shall be in writing, signed by the jury, and shall be so made that the amount payable to the owners of each lot or parcel of land may be ascertained."

As disclosed by the record herein, we think the action of the court below is in conformity with this section, and cannot be complained of by the city.

Judgment affirmed.

Swing and Giffen, JJ., concur.